JOHN R. HICKMAN *v.* UNION NATIONAL BANK, *Admr., et al.*

(No. 7416)

Submitted October 26, 1932.   Decided December 6, 1932.

*Wm. T. George,* and *E. D. Lewis,* for appellant.

*Guy H. Burnside, Anderson W. Hall,* and *Homer Strosnider,* for C. H. Jones' Heirs.

*Steptoe & Johnson,* for Union National Bank of Clarksburg.

LITZ, JUDGE:

This is a suit in chancery brought by John R. Hickman against The Union National Bank of Clarksburg, a corporation, as administrator of Charles H. Jones, deceased, and his heirs at law, to enforce payment out of the estate of a promissory note for $8,500.00 purporting to have been signed by Jones as maker November 15, 1928, and payable to the order of Hickman at The Empire National Bank of Clarksburg one year from date, "at 6% interest".

Defendants by answer deny the authenticity of the note and that the instrument is supported by valid consideration. A commissioner to whom the cause was referred having reported in favor of plaintiff, the trial chancellor upon exceptions to the finding rejected the claim. From this ruling Hickman has appealed. The note, excepting the signature, is type-written on a printed form with "............................................... 191........" for the date. It is signed on the second of two lines provided for the signatures of makers.

Hickman testified that the consideration for the paper was $5.000.00 in Liberty Bonds delivered by him to Jones at the time of its execution and a balance of $3,500.00 due him from Jones upon the settlement at that time of an ancient partnership between them. Hickman, formerly a resident of Clarksburg, where Jones also resided, in 1922 removed to Belington, Barbour county, where in 1924, he purchased a hotel, thereafter operated by him until its destruction by fire March 9, 1929. In the purchase of the hotel from Frank V. Brandon, Hickman assumed an indebtedness of seven or eight thousand dollars of Brandon to Thomas W. Browhard and Charles F. Monroe, secured by a vendor's lien on the property.

Voluminous evidence was presented before the commissioner relating to the financial condition of Hickman and Jones at the date of the note. At that time Hickman owned the hotel property subject to the vendor's lien amounting to about $6,000.00, long past due. May 1, 1928, he and his wife granted to The Empire National Bank, trustee, a lot in Clarksburg owned by her, to secure the payment of a present loan of $6,962.65 from Central Trust Company of Charleston to them, and on October 31st, following, conveyed their equity therein for a cash consideration of $4,718.47. Oliver D. Williams,

brother of Mrs. Hickman, testified that he purchased for the Hickmans $6,000.00 in Liberty Bonds May 18, 1928, delivering to the vendor in payment thereof a certified check for $5,-000.00 of The Empire National Bank to her and his own check for $154.00 which was afterwards refunded to him by Hickman. These are the bonds Hickman claims to have delivered to Jones as part of the consideration for the note. Williams further testified that later in 1928, he purchased $1,500.00 more in Liberty Bonds for the Hickmans which he retained in his custody until 1931. About a month before the date of the note, Hickman, in response to a demand by Browhard and Monroe for payment of the balance of the lien debt against the hotel, told them he was unable at the time to pay any part thereof. They then advised him that if he paid $1,000.00 of the obligation within twenty days they would grant him further time on the balance; but upon his failure to make such payment they would immediately institute suit to enforce the entire claim. Hickman failing to pay any sum within the prescribed time, the threatened suit was brought November 24, 1928, and remained pending until September, 1929, when the debt was paid from the insurance collected on account of the fire loss. Hickman owed The Empire National Bank $2,000.00, evidenced by two notes of $1,000.00 each, indorsed by Jones. He also owed First National Bank of Belington $500.00, evidenced by note dated October 20, 1928. Apparently free from debt, Jones retired from business in January, 1927. He suffered paralysis in July, 1928, affecting his carriage, speech and the use of his hands, and resulting in his death at Hot Springs, Arkansas, March 25, 1930. Hickman does not state that Jones told him at the time of the alleged execution of the note why he needed money. Jones then had at least $5,500.00 in cash. He made no bank deposits thereafter in 1928. His partnership with Hickman had been terminated many years. Hickman offers no plausible explanation for the alleged delay in settling the partnership although he collected and paid to Jones, in 1924, $11,000.00 from the sale of a lot in Clarksburg owned jointly by them. He gives as his only reasons for not retaining from the fund the amount due him upon a settlement of the partnership that Jones was in a hurry at the time of receiving the money

and the books of the partnership (which he says burned with the hotel) were not at hand. Hickman did not return the note for taxation nor attempt to collect it in the lifetime of Jones. There is evidence that the signature to the note resembles the handwriting of Jones prior to his affliction. The circumstances are consistent with the theory advanced by defendants that he signed the instrument in blank during the partnership for their mutual benefit, or at some time for the accommodation of Hickman. It is unlikely that a form of note prepared for use prior to 1920 would be current in 1928.

Without detailing other circumstances tending to establish the invalidity of the note or taking into account the inadmissibility of Hickman's evidence of alleged personal transactions with Jones, we are of opinion that the evidence clearly justifies the ruling complained of, and is, therefore, affirmed.

*Affirmed.*